IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DEBBIE WALKER** **PLAINTIFF**

**V.** **NO. 2:10cv211-M-A**

**DINESH CHAWLA d/b/a HOLIDAY INN EXPRESS**
**OF GREENVILLE** **DEFENDANT**

### ORDER

This cause comes before the court on the motion of defendant Dinesh Chawla d/b/a Holiday Inn Express of Greenville to dismiss this case, pursuant to Fed. R. Civ. P. 12. Plaintiff Debbie Walker has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is, *inter alia*, a wrongful termination case in which the *pro se* plaintiff alleges that she was discriminated against on the basis of her sex in violation of Title VII. Plaintiff was terminated from her position as a housekeeper at the Holiday Inn Express in Greenville for what defendant characterizes as work performance issues. At issue in the present motion is not the substantive merit of plaintiff's discrimination claim, but, rather, whether it was timely filed. Title VII claims are governed by a statute of limitations which requires that suit be brought within 90 days of a plaintiff's receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). If a plaintiff files suit after the 90-day statute of limitations, a court will dismiss the plaintiff's Title VII action. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The Fifth Circuit has held that the 90-day statutory period must be strictly construed. *Id.*

The record indicates that plaintiff filed her complaint with the EEOC on May 20, 2010. On July 26, 2010, Willie L. Shaffer, Enforcement Supervisor for the EEOC, sent Ms. Walker a letter which found no factual basis for her claims of sex discrimination, as follows:

> There was not sufficient evidence in the record to show that the Respondent subjected you and female workers as a class to different terms and conditions of employment with respect to disciplinary actions, reduced hours, etc because of your sex (female). The evidence showed that you and other female workers were treated no differently than your male counterparts with respect to the terms and conditions of your employment. Your claim of sex discrimination does not withstand the fact that there was no evidence in the record to show that similarly situated males with the same or worse records were treated better under the same or similar circumstances. Therefore, we cannot credit this charge, as alleged.

The letter concluded by advising plaintiff that, should she nevertheless wish to pursue a claim for sex discrimination in court, she had 90 days in which to do so:

> Should you wish to continue processing your claim against Holiday Inn Express, you must do so in federal court. The Attached Dismissal Notice of Right to Sue letter explains your right to pursue the matter in court within 90 days of your receipt of the dismissal notice.

Plaintiff has included this letter in her response to the motion to dismiss, and it is therefore clear that she was informed of the 90-day time period for filing any federal lawsuit. Plaintiff nevertheless waited until November 29, 2010 - more than 120 days after the right-to-sue letter - to file an Application to Proceed *in forma pauperis* with this court. It was not until January 13, 2011, approximately six (6) months after receiving her Right to Sue letter, that plaintiff filed her actual complaint against defendant.

In recognition of plaintiff's *pro se* status, this court is inclined to regard her November 29 application to proceed *in forma pauperis* as being the relevant filing date herein, even though a complaint was not actually filed until January. This court will likewise excuse the procedural irregularities in plaintiff's response to the motion to dismiss, which she referred to as a "motion

2

to not dismiss."

This court can not, however, excuse the fact that, in her response, plaintiff does not even attempt to rebut defendant's arguments regarding her failure to file a timely complaint. In her motion, plaintiff simply asserts that:

> After they gave me the dismissal form the Right to Sue letter I had 90 days after July 26, 2010. We filed with the U.S. District Court.

Thus, plaintiff does not even acknowledge, much less attempt to explain, the date on which she filed her complaint. Morever, in her memorandum brief, plaintiff does not address the timeliness issue at all, instead concentrating on arguing the substantive merits of her claim. Under these circumstances, this court has little choice but to grant defendant's motion to dismiss.

The court's conclusion that this case must be dismissed is strengthened by the fact that Judge Biggers has already dismissed as untimely a very similar lawsuit which was filed by plaintiff's co-worker on the same day in which the instant case was filed. See *McGee v. Chawla*, No. 2:10cv212 (N.D. Miss 2011). In dismissing that plaintiff's claim as untimely, Judge Biggers wrote that:

> In this case, the *pro se* plaintiff initiated her lawsuit 127 days after she received her right to sue letter. The EEOC issued the right-to-sue letter on July 26, 2010. The plaintiff alleges she received the letter on the same day. She therefore had until Monday, October 25, 2010, to file her complaint in federal court. Because she did not initiate this lawsuit until November 29, 2010, **35** days beyond the 90-day limitations period, the action is time barred.

*McGee*, docket entry no. 17 at 2. While not binding authority upon this court, *McGee* certainly constitutes very strong persuasive authority supporting a dismissal in this case. This court similarly finds the instant action to be time-barred, and defendant's motion to dismiss on this

basis will therefore be granted.[1]

It is therefore ordered that defendant's motion to dismiss is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

**SO ORDERED** this the 31st day of January, 2012.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] This court also finds persuasive defendant's argument that service of process was not timely effected in this case, for the reasons stated in its memorandum brief.